Julian A. Hertz, J.
On this motion to dismiss these prosecutions the issue is whether the maintenance of a training program for dog owners and their animals comes within the purview of the licensing requirements under sections 5001 and 5002 of the Education Law.
No dispute of fact is discerned. It appears that individual defendant Arthur Haggerty is the majority shareholder of the named defendant corporation. That corporation trains dogs by teaching obedience and the protection of property. Dogs are either left with the defendants or brought to them by the dog owners for appropriate instruction. The corporation also rents and sells attack guard dogs and animals capable of performing on command for use in movie productions or commercials.
Basic to this prosecution is the Attorney-General’s reliance upon the fact that the school offers its trainers’ program (a. program designed for future employees) to the public. By reason of that fact, the defendants are charged with noncompliance with the licensing requirements of section 5001 of the Education Law. The section plainly prohibits the operation without a license of a "private school which charges tuition or fees for instruction” and which is not exempted under subdivision 2 of the same section.
*505 Note is taken of the explanation which the defendants advance as to the evolution of the school in question. Mr. Haggerty contends that he personally trained his employees. The defendants allege they have experienced high employee turnover. Moreover, they frequently face competition from former employees or those who use their training but refuse employment to compete via their own businesses. To minimize the effects of this problem, the defendants charge a fee, thereby enabling them to avoid loss arising from such situations. Nevertheless, it is not denied that the program has been offered to the public.
The exemptions contained in subdivision 2 of section 5001 of the Education Law provide no basis upon which the defendants may avoid the statutory licensing requirement. Defendants, however, urge the trainers’ program may be viewed as a "recreational game”. In so arguing they plainly strain toward their own view that the Legislature did not intend to include dog training enterprises within the statutory ambit. The argument is rejected as mere speculation and the defendants are referred to their remedy by way of seeking a legislative change to achieve exemption from the licensing requirement. In the opinion of the court, the statutory language (subd 1), "private organization for the purpose of teaching or giving instruction in any subject or subjects”, amply covers this situation. Nor does giving effect to this licensing requirement bring about a result which conflicts with the perceived legislative intent. In this regard the court observes that reasons for requiring dog training schools to be licensed come to mind which do not conflict with the legislative decision to exempt music, dramatic art, languages, reading comprehension, arithmetic, recreational games, physical culture or athletic schools. One such reason lies in the fact that canine training is not always accomplished in the presence of the dog owner. Untoward or unexpected results are possible following such endeavors and the State may be conceived as having a justifiable interest in investigating the character and ability of the personnel of schools which undertake such training. In any event, it is plain that the court can find no substance in the defendants’ position advocating that paragraph f of subdivision 2 of section 5001 of the Education Law may be read to exempt the defendants from the licensing requirements of subdivision 1 of section 5001.
The motion to dismiss the information charging violation of *506 section 5002 of the Education Law (pertaining to business schools) is granted. Otherwise, the motion is denied.